E-FILED
Tuesday, 24 January, 2023  09:15:07 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| SHELENE TURNER-WILLIAMS independent administrator of the estate of BRITTANIA TURNER (deceased) Plaintiff, | ) ) ) ) |
| | )  21 cv 03227 |
| | ) Judge Karen L. McNaught |
| | ) |
| | ) |
| | ) |
| LT HARVEY, SGT MITCHELL and OFFICER BUNCH Individually and as agents, servants and/or employees of the ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH SOURCES, Inc., and CELINA C. TSANG, M.D., individually and as agent, servant and/or employee of WEXFORD HEALTH SOURCES, Inc. Defendants. | ) ) ) ) ) ) ) ) ) ) |

**SECOND AMENDED COMPLAINT**

Now comes the Plaintiff, SHELENE TURNER-WILLIAMS independent administrator of the estate of BRITTANIA TURNER by and through her attorneys TYLER LAW OFFICES, P.C. complaining of Defendants LIEUTENANT HARVEY, SERGEANT MITCHELL, OFFICER BUNCH, WEXFORD HEALTH SOURCES, Inc., (hereinafter referred to as "WEXFORD") and CELINA C. TSANG, M.D. (hereinafter referred to as Dr. TSANG), individually and as agent, servant, and/or employee of WEXFORD HEALTH SOURCES, Inc., and alleges as follows:

**INTRODUCTION**

1. The Plaintiff SHELENE TURNER-WILLIAMS, independent administrator of the estate of BRITTANIA TURNER (deceased), brings this lawsuit against the LIEUTENANT HARVEY, SERGEANT MITCHELL, OFFICER BUNCH and WEXFORD HEALTH SOURCES and WEXFORD HEALTH SOURCES's agent CELINA C. TSANG, M.D. individually and as agent/servant and or employee of WEXFORD, for injuries that she

1

sustained while under their care during her incarceration at LOGAN CORRECTIONAL CENTER, (hereafter referred to as "LOGAN").

## JURISDICTION

2.  The court has jurisdiction over the subject matter of this claim as all the events giving rise to this complaint occurred within Logan County, Illinois and the dispute involves the Eighth and Fourteenth Amendments to the Constitution of the United States and 42 US.C. §1983.

## VENUE

3.  Venue is appropriate in the Central District of Illinois, Springfield Division pursuant to 28 US.C. § 1391 (b); as all the events complained of occurred in Logan County Illinois, located within this district.

## PARTIES

4.  The Plaintiff is a citizen of the State of Illinois and resided at the LOGAN CORRECTIONAL CENTER (hereinafter referred to as "LOGAN").
5.  On information and belief, at least one Defendant resides in this judicial district, and the other Defendants are doing business in or reside in Illinois.

## GENERAL FACTS AND ALLEGATIONS

6.  At all times stated herein, Dr. TSANG was the physician director of medical services at Logan. Dr. TSANG provided medical treatment to BRITTANIA TURNER before and after her beatings and hospitalization. At all times stated herein, Dr. TSANG was an employee of WEXFORD HEALTH SOURCES, INC.

7.  On or about October 5, 2021, Plaintiff BRITTANIA TURNER, an inmate at Logan died on information and belief of a pulmonary embolism suffered because of deliberate indifference to her serious medical needs and failure to protect her from several beatings from other inmates while at Logan.

8.  That since suffering the beatings by several inmates, and after her release from the hospital the Defendants continuously and purposely failed to protect her from serious physical harm and deliberately failed to provide the Plaintiff with sufficient follow up medical treatment. Defendants also intentionally failed to provide Brittania with the necessary medical services and treatment related to her serious injuries and serious symptoms despite the need to do so after she was released from the hospital.

9.  Despite the Plaintiff telling the Logan Correctional Officers of known repeated threats of serious harm from other inmates, Logan Officers failed to place Plaintiff Brittania in a secure area where she would not be harassed, cursed, battered, or face daily threats from other inmates.

10. That the intentional failure of the Defendants Wexford and its agents to provide urgent medical care, and the intentional failure of the Defendants IDOC Correctional Officers to protect Plaintiff from beatings by inmates constitute a deliberate willful and wanton indifference to the Plaintiff's serious medical needs and Constitutional rights.

11. That on and prior to October 5, 2021, the Defendant Officers LT HARVEY, SGT MITCHELL, and OFFICER BUNCH, were employees of the IDOC.

12. That on and prior to October 5, 2021, and for all times stated herein Defendant Officers LT HARVEY, SGT MITCHELL and OFFICER BUNCH were agents, servants, and/ or employees of the IDOC, and were acting within the scope of their employment.

13. That prior to October 5, 2021, and for a longtime thereafter, the IDOC owned, operated, maintained, and/or controlled Logan Correctional Facility where the Plaintiff was being housed.

14.  That on and prior to October 5, 2020, and at all times stated herein Defendant Officers LT HARVEY, SGT MITCHELL and OFFICER BUNCH were liable for their negligent and intentional acts and were acting within the course and the scope of their employment.

15. At all times relevant herein, it was the duty of the IDOC Defendant Correctional Officers to refrain from negligent, intentional, and willful and wanton conduct.

**COUNT I**
42 U.S.C § 1983
**DELIBERATE INDIFFERENCE**
**WEXFORD HEALTH SOURCES, INC.**

16. Plaintiff realleges and incorporates by reference Paragraphs 1 through 15 fully as set forth herein.

17. That at all relevant times mentioned herein, Defendant WEXFORD HEALTH SOURCES, INC. was a corporation doing business in the state of Illinois.

18. That at all relevant times herein, WEXFORD was a correctional health care company that contracted with the State of Illinois to provide medical care, behavioral health, and other services to the inmates at Illinois corrections centers.

19. That at all relevant times mentioned herein, Defendant WEXFORD by its agents was acting under color of law.

20. On and prior to October 5, 2021, BRITTANIA TURNER was incarcerated in Illinois, and relied on Dr. TSANG, an agent of WEXFORD, and other WEXFORD agents, employees, and for her medical care.

21. During her incarceration, the Plaintiff sought protection from the correctional officers LT HARVEY, SGT MITCHELL, and OFFICER BUNCH before and after being beaten. After one of the beatings by inmates, Plaintiff was sent to the hospital. After the hospital treatment

Plaintiff was seen for medical treatment by Dr. TSANG and other agents, employees of WEXFORD at Logan Correctional Center.

22. Despite Plaintiff's complaints and personal knowledge of BRITTANIA TURNER's deteriorating medical condition Defendants Dr. TSANG and WEXFORD through its agents deliberately failed to properly treat Brittania's serious medical conditions, willingly failed to order follow up exams, and intentionally failed to timely treat her medical conditions and refer the Plaintiff to an outside specialist who would have treated her injuries and saved her life.

23. Defendant WEXFORD, through its agents, employees, and medical personnel at Logan, intentionally failed to meet its Constitutional obligations to maintain and to provide continuous, urgent, adequate, and appropriate medical care and treatment to the Plaintiff in the following ways:

   a.      Willfully refused to provide urgent and timely evaluations of Plaintiff's medical conditions resulting in her death on October 5, 2021, despite having notice of Plaintiff's need for continuous medical treatment and monitoring of the seriousness of her medical needs;

   b.      Showed unreasonable and deliberate indifference to Plaintiff's serious medical needs, with intentional malice, willfulness, and reckless and deliberate indifference to her Constitutional rights resulting in plaintiffs death;

   c.      Was responsible for the creation, implementation, oversight, and/or supervision of all policies and procedures followed by WEXFORD agents and employees who were medical care providers to inmates incarcerated in Illinois.

   d.      Maintained policies and procedures under which inmates with serious medical conditions, like Plaintiff, were routinely and frequently denied proper or adequate medical care to Illinois inmates and to Plaintiff;

   e.      Defendant's policies, procedures, widespread practice, and actions encouraged practices in Illinois that resulted in, among other things, routine delays, and denial of medical treatment for inmates and the Plaintiff, resulting illness progressively becoming worse over time;

   f.      Had notice of a widespread practice by WEXFORD agents and employees at Logan under which inmates with serious medical conditions, like Plaintiff, were routinely denied access to correct and proper medical care;

   g.      Inadequately trained, supervised, and controlled medical personnel who caused routine delays of medical treatment to inmates in need of urgent medical treatment resulting in the plaintiff having to suffer injuries and, in this instance, death;

4

      h.      Encouraged future abuses toward inmates by failing to discipline or punish employee misconduct that resulted in inadequate medical treatments for inmates;

      i.      Failed to order the additional physical therapy, appropriate medicine and monitoring for the Plaintiff when said physical therapy and other such services was necessary for her recovery.

24. As a direct and proximate result of the unconstitutional policies and procedures of WEXFORD, and as a direct and proximate result of WEXFORD's and its agent/employees reckless disregard and utter indifference to the health and safety of Plaintiff, BRITTANIA TURNER suffered serious injuries and death and was deprived of her rights under the Eighth and Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff, SHELENE TURNER-WILLIAMS, independent administrator of the estate of BRITTANIA TURNER (deceased), by her attorneys TYLER LAW OFFICES, P.C. requests judgment in her favor and against WEXFORD HEALTH SOURCES INC. for compensatory damages, punitive damages, and attorneys' fees in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus the costs of this lawsuit.

## COUNT II
### MEDICAL NEGLIGENCE
### WEXFORD HEALTH SOURCES, INC.

25. Plaintiff realleges and incorporates Count one (I) as fully stated herein.
26. That at all times complained of herein, there was a duty on the part of the Defendant WEXFORD by and through its agents, employees, and unknown medical personnel to render medical services consistent with the medical requirements of the Plaintiff BRITTANIA TURNER, and to not negligently inflict serious injuries onto the Plaintiff.
27. That at all times complained of herein, there was a duty on the part of the Defendant WEXFORD to exercise the degree of care, skill, and caution to diagnose and treat its patients, including Plaintiff, in accordance with the accepted standards of medical practice and opinion prevailing in the greater Logan County and  Illinois area, and to exercise that degree of care and caution commonly exercised by other members of their profession in the community.
28. That at all times complained of herein, WEXFORD, by its agents, employees, and medical personnel had a duty to properly investigate and treat the Plaintiff's medical conditions, to continuously perform necessary diagnostic tests, and provide follow up medical services. with due care, and without negligence.

29. That in deviation of its duty to Plaintiff, Defendant WEXFORD, through the acts of its agents, servants and/or employees, was guilty of one or more of the following careless and negligent acts or omissions:

> a.    Carelessly and negligently failed to properly investigate Plaintiff's prior medical history and to review Plaintiff's prior hospital and other medical records before formulating a treatment plan thus resulting in a pulmonary embolism and death;

> b.    Carelessly and negligently failed to provide the Plaintiff with appropriate medical treatment and care thus resulting in a pulmonary embolism and death;

> c.    Carelessly and negligently failed to have in place a procedure, or mechanism to collect and review hospital recommended treatment or consult with outside specialists related to Plaintiff's medical treatment, resulting in a pulmonary embolism and death;

> d.    Carelessly and negligently failed to request a follow up exam or refer the Plaintiff to a specialist for follow up care resulting in pulmonary embolism and death.

30. That as a direct and proximate result of the aforementioned careless and negligent acts or omissions by Defendant WEXFORD, individually and through its agents, servants, and/or employees, Plaintiff BRITTANIA TURNER suffered extreme pain, and death.

WHEREFORE, Plaintiff, SHELENE TURNER-WILLIAMS, independent administrator of the estate of BRITTANIA TURNER (deceased), by her attorneys TYLER LAW OFFICES, P.C. requests judgment in her favor and against WEXFORD HEALTH SOURCES INC. for compensatory damages, punitive damages, and attorneys' fees in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus the costs of this lawsuit.

## COUNT III
### 42 U.S.C § 1983
### DELIBERATE INDIFFERENCE
### CELINA C. TSANG, M.D.

31. Plaintiff realleges and incorporates Counts one (I) and two (II) as fully stated herein.
32. That at all relevant times mentioned herein, Defendant Dr. TSANG was an employee of WEXFORD and provided medical services to inmates at Logan Correctional Center including the Plaintiff BRITTANIA TURNER.
33. That at all relevant times mentioned herein, Defendant Physician Dr. TSANG was acting under color of law.
34. On October 5, 2021, and for a long time prior to Dr. TSANG was aware of the Plaintiff's symptoms and deteriorating condition, but failed to meet her Constitutional obligation to maintain and provide continuing, adequate, and appropriate medical care and treatment to Plaintiff at Logan Correctional Center, in the following ways:

6

a.  Willfully and wantonly failed to properly treat plaintiff medical condition resulting in a pulmonary embolism and death despite having notice of Plaintiff's ongoing need for medical treatment, the Plaintiff's requests for medical care, and of the seriousness of the Plaintiff's continuous medical needs;

b.  Demonstrated continuous unreasonable and deliberate indifference to Plaintiff's serious medical needs, with intentional malice, willfulness, and reckless and deliberate indifference to rights since her beating from inmates she suffered which resulted in medical condition prior to her death;

c.  Willfully and wantonly failed to provide outside specialist and diagnostic service to BRITTANIA TURNER after he suffered injuries while at Logan;

d.  Willfully and wantonly failed to timely and/or appropriately examine, evaluate and/or diagnose BRITTANIA TURNER and/or direct her ongoing medical care and treatment after being beaten resulting in numerous injuries;

e.  Willfully and wantonly failed to timely and/or properly order and/or obtain the results of appropriate diagnostic studies based on BRITTANIA TURNER's injuries medical condition the continuous decline of her medical condition resulting in her death.

35. As a direct and proximate result of Dr. TSANG's negligent and/or reckless disregard and utter deliberate indifference to the health and safety of Plaintiff and others, Plaintiff was injured and was deprived of her rights under the United States Constitution.

WHEREFORE, Plaintiff, SHELENE TURNER-WILLIAMS, independent administrator of the estate of BRITTANIA TURNER (deceased), by her attorneys TYLER LAW OFFICES, P.C. requests judgment in her favor and against Dr. TSANG for compensatory damages, punitive damages, and attorneys' fees in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus the costs of this lawsuit.

## COUNT IV
### MEDICAL NEGLIGENCE
### CELINA C. TSANG, M.D.

36. Plaintiff realleges and incorporates Counts one (I) through three (III) as fully stated herein.
37. That at all times complained of herein, there was a duty on the part of the Defendant DR. TSANG to render medical services consistent with the medical needs and requirements of the Plaintiff, and to not negligently cause further injury to the Plaintiff.
38. That at all times complained of herein, there was a duty on the part of Defendant DR. TSANG to exercise the degree of care, skill, and caution to diagnose and treat her patients,

7

including BRITTANIA TURNER, in accordance with the accepted standards of medical practice and opinion prevailing in the greater Logan County area and to exercise that degree of care and caution commonly exercised by other members of the profession in the community.

39. That at all times complained of herein, Dr. TSANG had a duty to properly perform necessary diagnostic tests and provide appropriate medical care for BRITTANIA TURNER's injuries while an inmate at Logan.

40. That in deviation of this duty to Plaintiff, Dr. TSANG, in both her individual capacity and as agent, servant and/or employee of WEXFORD, was guilty of one or more of the following careless and negligent acts or omissions:

   a.    Failed to timely and properly advise and counsel BRITTANIA TURNER with regard to her complete medical conditions and/or care, including treatment options and the risks associated with her medical condition resulting in a pulmonary embolism and death;

   b.    Failed to review Plaintiff BRITTANIA TURNER's medical records before formulating any treatment plan resulting in pain and suffering, a pulmonary embolism and death;

   c.    Failed to timely and properly consult with other physicians and/or specialists while treating BRITTANIA TURNER at Logan resulting in a pulmonary embolism and death;

   d.    Failed to timely and or properly order and or obtain the appropriate diagnostic studies necessary to appropriately monitor and treat the BRITTANIA TURNER's injuries resulting in a pulmonary embolism and death.

41. That as a direct and proximate result of the careless and negligent acts or omissions by Defendant Dr. TSANG, BRITTANIA TURNER suffered pain, a pulmonary embolism and death.

WHEREFORE, Plaintiff, SHELENE TURNER-WILLIAMS, independent administrator of the estate of BRITTANIA TURNER (deceased), by her attorneys TYLER LAW OFFICES, P.C. requests judgment in her favor and against Dr. TSANG for compensatory damages, punitive damages, and attorneys' fees in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus the costs of this lawsuit.

## COUNT V
### 42 U.S.C § 1983
### LIEUTENANT HARVEY

8

42. Plaintiff realleges and incorporates Counts one (I) through four (IV) as fully stated herein.

43. The Plaintiff BRITTANIA TURNER was an inmate at the Logan Correctional Center for a period on and prior to October 5, 2021.

44. That the Defendant LIEUTENANT HARVEY while acting under color of law and was aware of the threats of violence against the Plaintiff. He and other correctional officers knew that the Plaintiff had been beaten by inmates and therefore they needed to immediately separate BRITTANIA TURNER from dangerous inmates who were a threat to her for her safety.

45. That the Defendant LIEUTENANT HARVEY did knowingly house the Plaintiff in sections of the facility, where she was near inmates who they knew posed a substantial risk to her safety. Under the Eighth Amendment, Plaintiff is entitled to be free from a known and substantial risk of serious harm while in the custody of state prisons.

46. That prior to October 5, 2021, Defendant LIEUTENANT HARVEY was aware that the Plaintiff had been and was in danger of being attacked and injured by other inmates, and although BRITTANIA TURNER requested and should have been separated from the inmates, Defendant corrections officer LIEUTENANT HARVEY refused.

47. That Defendant LIEUTENANT HARVEY while acting under color of law, by and through their actions was deliberately indifferent to a substantial risk of serious harm that the Plaintiff would suffer at the hands of inmates and thus violated the Plaintiff's Eighth and Fourteenth Amendment rights.

48. That as a direct and proximate result of the Defendant LIEUTENANT HARVEY's actions and inactions as agent or employee of the IDOC and individually, the Plaintiff was injured and suffered mental anguish, pain, a pulmonary embolism, and death.

WHEREFORE, Plaintiff, SHELENE TURNER-WILLIAMS Independent Administrator of the estate of BRITTANIA TURNER (deceased) requests judgment against Defendant LIEUTENANT HARVEY in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and the costs of this lawsuit.

**COUNT VI**
42 U.S.C § 1983
**SERGEANT MITCHELL**

49. Plaintiff realleges and incorporates Counts one (I) through five (V) as fully stated herein.

50. The Plaintiff was an inmate at the Logan Correctional Center for a period on and prior to October 5, 2021.

51. That the Defendant SERGEANT MITCHELL while acting under color of law and was aware of the threats of violence against the Plaintiff BRITTANIA TURNER. He knew that the Plaintiff had been beaten before and therefore he needed to immediately separate her from dangerous inmates who were a threat to her.

52. That the Defendant SERGEANT MITCHELL did knowingly house the Plaintiff BRITTANIA TURNER in sections of the facility, where she was near inmates who he knew posed a substantial risk to her safety. Under the Eighth Amendment, Plaintiff is entitled to be free from a known and substantial risk of serious harm while in the custody of state prisons.

53. That prior to October 5, 2021, Defendant SERGEANT MITCHELL was aware that the Plaintiff had been and was in danger of being attacked and injured by other inmates, and although BRITTANIA TURNER requested and should have been separated from the inmates, Defendant corrections officer SERGEANT MITCHELL refused.

54. That the Defendant SERGEANT MITCHELL while acting under color of law, by and through their actions was deliberately indifferent to a substantial risk of serious harm that the Plaintiff would suffer at the hands of inmates and thus violated the Plaintiff's Eighth and Fourteenth Amendment rights.

55. That as a direct and proximate result of the Defendant SERGEANT MITCHELL's actions and inactions as agent or employee of the IDOC and individually, the Plaintiff was injured and suffered mental anguish, pain, a pulmonary embolism, and death.

WHEREFORE, Plaintiff, SHELENE TURNER -WILLIAMS, independent administrator of the estate of BRITTANIA TURNER (deceased), by her attorneys TYLER LAW OFFICES, P.C. requests judgment in her favor and against Defendant SERGEANT MITCHELL for compensatory damages, punitive damages, and attorneys' fees in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus the costs of this lawsuit.

## COUNT VII
### 42 U.S.C § 1983
### OFFICER BUNCH

56. Plaintiff realleges and incorporates Counts one (I) through six (VI) as fully stated herein.

57. The Plaintiff was an inmate at the Logan Correctional Center for a period on and prior to October 5, 2021.

58. That the Defendant OFFICER BUNCH while acting under color of law was aware of the threats of violence against the Plaintiff. He knew that the Plaintiff had been beaten before and therefore needed to immediately separate her from dangerous inmates who were a threat to her.

59. That the Defendant OFFICER BUNCH did knowingly house the Plaintiff in sections of the facility, where she was near inmates who Officer Bunch knew posed a substantial risk to her safety. Under the Eighth Amendment, Plaintiff is entitled to be free from a known and substantial risk of serious harm while in the custody of state prisons.

60. That prior to October 5, 2021, Defendant OFFICER BUNCH was aware that the Plaintiff had been and was in danger of being attacked and injured by other inmates, and although BRITTANIA TURNER requested and should have been separated from the inmates, Defendant corrections OFFICER BUNCH refused.

61. That the Defendant OFFICER BUNCH while acting under color of law, by and through his actions were deliberately indifferent to a substantial risk of serious harm that the Plaintiff would suffer at the hands of inmates and thus violated the Plaintiff's Eighth and Fourteenth Amendment rights.

62. That as a direct and proximate result of the Defendant OFFICER BUNCH's actions and inactions as agent or employee of the IDOC and individually, the Plaintiff was injured and suffered mental anguish, pain, a pulmonary embolism, and death.

WHEREFORE, Plaintiff, SHELENE TURNER -WILLIAMS, independent administrator of the estate of BRITTANIA TURNER (deceased), by her attorneys TYLER LAW OFFICES, P.C. requests judgment in her favor and against OFFICER BUNCH for compensatory damages, punitive damages, and attorneys' fees in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus the costs of this lawsuit.


     Respectfully Submitted,



                                                        /s/Timothy R. Tyler


Timothy R. Tyler
Taylor Tyler
**TYLER LAW OFFICES P.C.**
120 West Madison Street- Suite 204
Chicago, Illinois 60602
(312) 920-1745
Ttyler@tylerlawchciago.com
tlt@tylerlawchicago.com

11